### FREEDMAN et al. v. DOBSON et al.

(City Court of New York, General Term. December 27, 1899.)

SALES—BREACH OF CONTRACT—DAMAGES—EVIDENCE.
    In an action for damages resulting from a breach of contract to deliver goods, evidence of the market value of such goods at times other than that of the breach is inadmissible for the purpose of fixing damages.

Appeal from trial term.

Action by Moritz Freedman and another against John Dobson and another. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Black, Olcutt, Gruber & Bonynge, for appellants.
J. Kohler, for respondents.

PER CURIAM. This action is brought to recover damages for an alleged breach of a contract to deliver certain woolen goods which had been purchased by plaintiffs from defendants March 18, 1897,— the goods to be delivered in April and May. Under this agreement the defendants had until June 1st to deliver the goods contracted for. Until that day expired there was no breach of the contract.

The main question litigated was, how much were plaintiffs damaged by reason of defendants' failure to deliver the goods? All of the witnesses called by plaintiffs as experts to testify as to the amount of such damages were permitted to testify as to the value of such goods during the months of March, April, and May, and even in June and July. Defendants' counsel objected to this evidence. These objections were overruled, and exceptions were duly taken. This evidence certainly caused the jury to render a verdict against defendants. Its admission was error. The plaintiffs were only entitled to recover the difference between the price fixed in the contract and the reasonable market value of the goods at the time of the breach of the contract, which occurred on June 1st. It was not right to allow plaintiffs to prove the market price of the goods prior to June 1st, or during July and August, as they were allowed to do. Besides, plaintiffs' experts did not know the kind or quality of the goods contracted for. How, then, could they have known of their value on June 1st? Evidently their estimate of such damages was guesswork and mere speculation, and was entitled to no weight or credibility. Defendants' experts, upon the contrary, swore that there was no variance between the contract price and the market price of the goods on June 1st; and these experts knew the goods well, and were thoroughly familiar with their goods and

quality. Therefore the verdict was even against the weight of evidence.

A careful reading of the whole case convinces us that the judgment must be reversed and a new trial had; and it is so ordered, with costs to appellant to abide event.